UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY )<br>a/s/o FREIGHTQUOTE.COM )<br>)<br>Plaintiff, )<br>)<br>v. )<br>ROADWAY EXPRESS, INC. and )<br>YRC WORLDWIDE INC. )<br>)<br>Defendants. ) | Docket No.: 07-CV-3552 |

## ANSWER

For their answers and affirmative defenses to the Complaint of plaintiff Fireman's Fund Insurance Company a/s/o freightquote.com ("Fireman's Fund"), defendants Roadway Express, Inc. ("Roadway") and YRC Worldwide Inc. ("YRCW") each state and allege as follows:

Unless specifically admitted in this Answer, all claims, theories, allegations and paragraphs in plaintiff's Complaint are denied.

## PARTIES

1. Roadway and YRCW lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint and, therefore, deny the same.

2. Roadway and YRCW lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint and, therefore, deny the same.

3. Roadway and YRCW admit that Roadway is a subsidiary of YRCW and that their principal place of business is located at 10990 Roe Avenue, Overland Park, Kansas 66211. The remaining allegations of paragraph 3 of the Complaint are denied.

## JURISDICTION

4. Roadway and YRCW deny the allegations of paragraph 4 of the Complaint.

## FIRST CAUSE OF ACTION

5. Roadway and YRCW lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint with regard to "good order and condition" and, therefore, deny the same. The remaining allegations of paragraph 5 of the Complaint are denied.

6. Roadway and YRCW deny the allegations of paragraph 6 of the Complaint.

7. Roadway and YRCW lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint and, therefore, deny the same.

8. Paragraph 8 of the Complaint states a legal conclusion to which no response is required. To the extent any response is required, Roadway and YRCW deny the allegations in paragraph 8 of the Complaint.

## SECOND CAUSE OF ACTION

9. Roadway and YRCW lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint with regard to "good order and condition" and, therefore, deny the same. The remaining allegations of paragraph 9 of the Complaint are denied.

10. Roadway and YRCW deny the allegations of paragraph 10 of the Complaint.

11. Roadway and YRCW lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint and, therefore, deny the same.

12.     Paragraph 8 of the Complaint states a legal conclusion to which no response is required. To the extent any response is required, Roadway and YRCW deny the allegations in paragraph 12 of the Complaint.

**WHEREFORE**, for the reasons set forth above, Roadway and YRCW request that plaintiff Fireman's Fund take nothing, that its Complaint be dismissed, and that a judgment be entered in favor of Roadway and YRCW for their reasonable attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

### AFFIRMATIVE DEFENSES

For their affirmative defenses, each of which is stated in the alternative, to plaintiff's Complaint, Roadway and YRCW each state as follows:

1.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.      If plaintiff suffered any damages, which are expressly denied, the negligence or fault of non-joined parties must be compared, which bars or diminishes plaintiff's right to recover herein.

3.      Any damages that plaintiff may have suffered, which are expressly denied, were directly caused by or contributed to by plaintiff and plaintiff should therefore be barred from recovery.

4.      Plaintiff has failed to mitigate its damages, if any.

5.      Roadway met all of its obligations under all agreements.

6.      Roadway acted reasonably under the circumstances of this case.

7.      YRCW was not a party to any contract of carriage for the transportation of plaintiff's cargo.

8. The shipments Roadway received for transportation were accepted in accordance with and subject to all the terms and conditions of the Uniform Straight Bill of Lading and Roadway's effective rates, rules, classifications and tariffs, and the rules and regulations of the Federal Motor Carrier Safety Administration, which together form the contracts of carriage for the transportation of said shipments and define the responsibilities of Roadway in this matter. Roadway duly performed all of the terms and conditions thereunder which it was required to perform.

9. Roadway's liability to plaintiff, if any, is limited to the declared or released rate valuation in accordance with the Bills of Lading, or other applicable contracts of carriage, and Roadway's rates, rules, classifications and tariffs governing the subject shipments.

10. Under the Bills of Lading, or other applicable contracts of carriage, Roadway is not liable for any loss or damage caused by or resulting from an act, omission or order of the shipper, or from a defect or inherent vice of the article, improper labeling, or improper packaging, packing or loading of the shipment by the shipper or anyone acting on behalf of the shipper.

11. The Bills of Lading, or other applicable contracts of carriage, and Roadway's rates, rules, classifications and tariffs do not contemplate carrier responsibility for special damages such as loss of use, loss of revenue, lost profits, additional contractor costs and the like. To the extent any of the damages sought by plaintiff in his Complaint constitute special damages, Roadway is not liable.

12. The Carmack Amendment to the ICCTA, 49 U.S.C. § 14706, preempts plaintiff's state law claims, both statutory and common law, against Roadway.

13. The Bills of Lading, or other applicable contracts of carriage, further required that as a condition precedent to recovery, claims must be filed in writing with the carrier within nine (9) months after delivery of the shipments or, in the case of failure to make delivery, then within nine (9) months after a reasonable time for delivery elapsed, and that suit must be instituted against the carrier within two (2) years and one day from the date when the claim is denied. In the event either of plaintiff's claims on the shipments that are the subject of its Complaint were insufficient or defective or were not filed within the above-described time limits, then plaintiff is barred from any recovery on such claim in this action. Likewise, if plaintiff's Complaint was not filed against Roadway within two (2) years and one day from the date when plaintiff's claims were denied, then plaintiff is barred from any recovery on such claim in this action.

14. Roadway and YRCW reserve the right to plead any additional defenses as they become known through discovery in this case.

**WHEREFORE,** Roadway and YRCW request judgment dismissing with prejudice plaintiff's Complaint, enter judgment in favor of Roadway and YRCW and against plaintiff, and awarding Roadway and YRCW their reasonable attorneys' fees and costs in this action.

Respectfully submitted,

NOWELL AMOROSO KLEIN BIERMAN, P.A.

s/ William D. Bierman
William D. Bierman (WB – 8955)
155 Polifly Road
Hackensack, New Jersey 07601
Telephone:    (201) 343-5001
Facsimile:    (201) 343-5181
E-mail: wbierman@nakblaw.com